IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY A COMBS, #30807-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-1138-P (BK) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1980 state court conviction. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 1980, in case number F79-12110, a Dallas County jury convicted Petitioner of burglary of a habitation and sentenced him to seventy-five years' imprisonment (Doc. 2 at 2.). In 1982, the court of appeals affirmed his conviction and the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review. *Id.* Subsequently, Petitioner filed four state post-conviction applications which the TCCA denied or dismissed. *Ex parte Comb*, Nos. WR-12,853-01 (Tex. Crim. App. 1983) (denied without written order); *Ex parte Comb*, Nos. WR-12,853-02 (Tex. Crim. App. 1985) (same); *Ex parte Comb*, Nos. WR-12,853-03 (Tex. Crim. App. 2006) (dismissed for non-compliance); *Ex parte Comb*, Nos. WR-12,853-04 (Tex. Crim.

App. 2010) (dismissed as successive).[1]

On May 27, 2011, Petitioner filed the instant federal petition – the first habeas challenge for his 1980 conviction in this court. (Doc. 2 at 1; Doc. 8, ans. 6.) Relying on *Miller-El v. Dretke*, 545 U.S. 231 (2005), Petitioner asserts the prosecutor unconstitutionally selected the jury that convicted him by "strik[ing] most all African American[s]" as set out in the "Sparling Instruction Manual." (Doc. 2 at 5.) He also claims defense counsel rendered constitutionally ineffective assistance of counsel. *Id.*[2]

## II. ANALYSIS

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may raise *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why

---

[1] The Court verified the above dates on the basis of information available on the Dallas County's website (under criminal background information) and the TCCA's website. The Court also reviewed the state habeas files in *Ex parte Combs*, No. WR-12,853-01 through -04, obtained from the TCCA.

[2] For purposes of this recommendation, the federal petition is deemed filed on May 23, 2011, the date on which Petitioner signed and most probably handed it to prison officials for mailing (Doc. 2 at 6). *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).
   Although Petitioner is presently serving a federal sentence within the Bureau of Prisons, he is still "in custody" for purposes of his 1980 state conviction since his parole term has not expired. *See Fox v. Dutton*, 406 F.2d 123, 123 (5th Cir. 1968). Indeed, a detainer has been lodged by virtue of a state-issued parole violator's warrant for Petitioner in that case. (Doc. 8, ans. 2, 4, 5.)

the limitations period should be tolled on equitable grounds. Petitioner responded relying exclusively on the "retroactivity" of *Miller-El* and seeking a *Batson* hearing. (Doc. 8, ans. 7; Doc. 9.)

Under the AEDPA, the one-year limitations period is calculated (1) from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review," (2) from the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and (3) from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(A), (C), and (D). Sections 2244(d)(1)(B) is inapplicable.[3]

    1. Judgment Became Final

Because the conviction became final in 1982, long before the enactment of the AEDPA, Petitioner had a one-year grace period, beginning on April 25, 1996, and ending on April 24, 1997, within which to seek habeas corpus relief. *See Flanagan v. Johnson*, 154 F.3d 196, 199-200 n. 2 and 202 (5th Cir. 1998) (citing *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)). Petitioner did not file the federal petition presently at issue until May 23, 2011, over fourteen years later. Therefore, his federal petition is clearly outside the one-year statute of limitations as determined under section 2244(d)(1)(A).

---

    [3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims.

2. New Constitutional Right

In an attempt to salvage his claims, Petitioner asserts "[t]his court can consider the [petition] based on the retroactivity" of *Miller-El* and progeny. (Doc. 8, ans. 7.) He claims "[i]t would be a fundamental miscarri[a]ge of justice, if this court refuses to entertain this 2254 on it's [sic] merits, and the ineffectiveness of petitioner [sic] attorneys." *Id.*[4]

Liberally construed, Petitioner's filings assert that the AEDPA statute of limitations did not begin to run until June 13, 2005, the date the United States Supreme Court decided *Miller-El* and made it retroactively applicable. *Miller-El*, however, did not create a new rule of constitutional law regarding the discriminatory jury selection practices of the Dallas County District Attorney's Office. Rather, it applied the rule set out in *Batson v. Kentucky,* 476 U.S. 79 (1986), which was decided **10 years** before the AEDPA became effective. *See Rogers v. Thaler*, No. 3:09-CV-1550-M, 2010 WL 330213, 2-3 (N.D. Tex. 2010) (collecting cases from Northern District of Texas). Thus, Petitioner cannot rely on the creation of a new constitutional right under section 2244(d)(1)(C).

3. Factual Predicate of Claim

To the extent Petitioner asserts, under section 2244(d)(1)(D), that he could not have discovered the factual predicate of his jury selection claim until *Miller-El* was decided, his argument likewise fails. Even if the AEDPA statute of limitations did not begin to run under

---

[4] In *Miller-El,* the Supreme Court reversed a Dallas County capital murder conviction and death sentence because the prosecutor used his peremptory challenges to exclude African-Americans from jury service based on their race. 545 U.S. 231, 235. The majority opinion was particularly critical of an article written by former Assistant District Attorney Jon Sparling suggesting possible reasons for striking minorities from juries. *Id.* at 264-66. The Sparling article was part of a manual distributed to Dallas County prosecutors, including the prosecutors who tried *Miller-El. Id.*

section 2244(d)(1)(D) until June 2005, when *Miller-El* was decided, the federal petition is still untimely. Petitioner's April 2006 state application was dismissed as non-complying, and he did not file a proper state application and this federal petition until January 2010 and May 2011, respectively -- more than four years after the Supreme Court decided *Miller-El*. "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan*, 154 F.3d 196, 199. Moreover, Petitioner cannot satisfy the burden of proving that he exercised due diligence in researching the factual predicate of his jury selection claim, and that he could not have discovered that claim with due diligence within the one-year period. *See Norrid v. Quarterman*, 2006 WL 2970439, 1 (N.D. Tex. 2006) (McBride, J.) (petitioner bears burden of establishing applicability of section 2244(d)(1)(D), including his due diligence, and conclusory statements are insufficient to satisfy burden of proof). Accordingly, Petitioner is not entitled to an extension of the one-year limitations period under section 2244(d)(1)(D).

**B. Equitable Tolling**

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the *entire* one-year grace period and having delayed over four years before filing his state and federal petitions following *Miller-El*, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). Petitioner does not explain the lengthy delays in his case. (Doc. 8, ans. 7.) Unexplained delays, however, do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Moreover, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations, *see* 28

U.S.C. § 2244(d), and that Petitioner's motion for *Batson* hearing (Doc. 9) be **DENIED** as moot.

SIGNED on October 31, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE